**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MEGGIN ANNE EVANS,

               Petitioner,

v.

UNITED STATES OF AMERICA,

               Respondent.

_____

           Case No. 3:25-cv-1503-WWB-PDB

## <u>ORDER</u>

Petitioner Meggin Anne Evans files a pro se motion under 28 U.S.C. § 2255 to vacate her conviction for production of child pornography, for which she serves 262 months. (Doc. 1). Evans pleaded guilty under a plea agreement to one count of violating 18 U.S.C. § 2251(a) and (e), and a judgment was entered against her on October 8, 2024. Evans filed no appeal.

Evans raises four grounds for relief in her § 2255 motion. She claims that (1) counsel rendered constitutionally ineffective assistance, (2) the district court relied on materially false information in the presentence report, (3) her guilty plea was unknowing and involuntary, and (4) the sentence is substantively unreasonable.

Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is appropriate "if it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

A district court may consider *sua sponte* the timeliness of a § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210; *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by *sua sponte* dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Evans's judgment of conviction was entered on October 8, 2024. *United States v. Evans*, No. 3:22-cr-144-WWB-PDB, Doc. 66 (M.D. Fla. Oct. 8, 2024). The judgment became final fourteen days later, on October 22, 2024. Therefore, under § 2255(f)(1), Evans had until October 22, 2025, to file her § 2255 motion.

Evans's motion is signed and dated on October 10, 2025. (Doc. 1 at 9). "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is

2

delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012). And absent evidence to the contrary, the district court assumes that a prisoner delivered a filing to prison authorities on the date that he signed it. *Id*. at 1205.

Evans, however, has not shown she is entitled to the benefit of the prison mailbox rule. Although she is incarcerated at the Federal Correctional Institution in Tallahassee, Florida, she did not mail her § 2255 motion using the prison's legal mail. Instead, her § 2255 motion was mailed to the Clerk of Court using the United States Postal Service. (Doc. 1 at 9). The envelope containing her § 2255 motion is marked "USPS Priority Mail" and contains a date stamp of November 24, 2025. (Doc. 1-3 at 1). Additionally, in her certificate of service, Evans verifies that she mailed her § 2255 motion using the "United States Postal Service." (Doc. 1 at 9). The motion was received by the Clerk on December 8, 2025. (Doc. 1 at 1; Doc. 1-2 at 1).

Apparently recognizing that her § 2255 motion is untimely, Evans urges the district court to accept her motion as filed on October 10, 2025. (Doc. 1-2). She explains that her § 2255 motion "was originally mailed on [her] behalf by an advocate on October 10, 2025." (*Id*.). However, on November 24, 2025, the unnamed advocate contacted the Clerk and learned that the original motion had not been received or docketed. (*Id*.). Therefore, Evans "re-submitted" her § 2255 motion by mailing it to the Clerk on November 24, 2025. Besides Evans's explanation of these events, the record contains no evidence that an unnamed advocate first submitted Evans's § 2255 motion to the Court on October 10, 2025.

Accordingly, on or before **August 11, 2026**, Evans must explain why her § 2255 motion, which was mailed to the district court on November 24, 2025, approximately one

3

month *after* the time for initiating this action expired on October 22, 2025, is timely filed under § 2255(f).  Evans must show (1) that her § 2255 motion is timely, (2) that she is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that she is entitled to equitable tolling, or (4) that she is actually innocent.  On or before **September 10, 2026**, or thirty days after Evans responds to this Order, whichever occurs later, the United States must file a response that addresses the timeliness of the § 2255 motion.

**DONE AND ORDERED** at Jacksonville, Florida, on July 14, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12
TpaP-5
C:      Meggin Anne Evans, 30308-510

4